IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

KYMM V. CHANDLER,

        Petitioner,     :    Case No. 2:24-cv-3982

 - vs -                             Chief Judge Sarah D. Morrison
                                             Magistrate Judge Michael R. Merz

MATTHEW J. LUTZ,

                                            :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought *pro se* by Petitioner Kymm Chandler seeking relief from her conviction in the Muskingum County Court of Common Pleas on charges of trafficking in cocaine, endangering children, and manufacturing drugs. The case was randomly assigned on filing to Chief Judge Sarah D. Morrison and referred to the undersigned under Amended General Order 22-05.

Under Rule 4 of the Rules Governing § 2254 Cases, the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the Petitioner.

Petitioner reports that she is presently awaiting sentencing on her convictions but remains in custody, presumably because she has not been able to pose the $250,000 bond set by the

Common Pleas Court. She pleads four grounds for relief: (1) conviction based on evidence seized without a search warrant, (2) lack of jurisdiction to prosecute, (3) illegal incarceration, and (4) violation of due process (failure to dismiss because of illegal search and seizure).

Petitioner reports that she has not yet been sentenced which implies that she has not yet had an opportunity to appeal to the Ohio Court of Appeals for Muskingum County. Assuming she has been found indigent by the Common Pleas Court, she will be entitled to an appointed attorney for that appeal. *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); on appeal, *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988). If the appeal is unsuccessful, she will be entitled to seek a further appeal to the Ohio Supreme Court, albeit without appointed counsel.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The exhaustion requirement applies to pretrial petitions as well as petitions under § 2254. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973).

In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990).

Because Petitioner has not exhausted her available state court remedies, the Magistrate Judge respectfully recommends her Petition should be dismissed without prejudice pending such exhaustion. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to

proceed *in forma pauperis*.

September 30, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #